UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE A ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-cv-05147-SVK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 40 |

In this action, Marie Arnold ("Plaintiff") alleges that the United States of America ("Defendant") was negligent towards her family. *See generally* Dkt. 37. Before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint. Dkt. 40. All parties have consented to the jurisdiction of a magistrate judge. Dkts. 19, 27. Pursuant to Civil Local Rule 7-1(b), the Court deems this motion suitable for determination without oral argument.

Based on the Parties' submissions and the relevant law, the Court **GRANTS** the motion to dismiss for the reasons discussed below.

**I.    BACKGROUND**

Plaintiff alleges that Defendant has been targeting and abusing her and her daughters.[1] *See generally* Dkt. 37. Plaintiff asserts a claim under the Federal Tort Claims Act and a claim for negligence and seeks ten million dollars in damages. *Id.* at 4-9.

Defendant moves to dismiss the amended complaint on the grounds that: (1) this Court lacks subject-matter jurisdiction to hear Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) Plaintiff has failed to state a claim as required by Federal Rule of Civil Procedure 12(b)(6). Dkt. 40 at 2.

---

[1] Plaintiff also has another case stemming out of these same facts. *See* 19-cv-4223-SVK.

**II. LEGAL STANDARD**

A complaint may be dismissed pursuant to Federal Rule of Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A federal court lacks jurisdiction to consider claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit." *Hagans v. Lavine*, 415 U.S. 528, 537 (1974). Thus, a claim "may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 n. 10 (2006) (citations and internal quotation marks omitted); *Neitzke v. Williams*, 490 U.S. 319, 327 n. 6 (1989) ("[a] patently insubstantial complaint may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)"); *Franklin v. Murphy*, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction").

**III. DISCUSSION**

Defendant first moves to dismiss Plaintiff's claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1). *See* Dkt. 40 at 4-7. Specifically, Defendant argues: (1) delusional claims are not sufficient to invoke this Court's jurisdiction; (2) the FTCA bars claims against the United States for failure to investigate; and (3) the FTCA is the exclusive remedy for Plaintiff's negligence allegations. *Id*.

In opposition, Plaintiff argues that she "pleaded sufficient facts that supports that 'cruel inhuman torture and degrading, loud sound effects exists nearby Prison (0.7). Whether Plaintiff and daughter was not Prison. The U.S. Constitutions Amendment Eighth does not indicate that Plaintiff has to be sentenced in order to pleaded subject–matter jurisdiction."[2] Dkt. 43 at 2. Plaintiff further argues that she "allege Defendant government officials who in charge of internal investigation failed their duty and obligation. Committed negligence under 1346 (b) (1) and 2671-2680 discretionary function. The government official employees failed to provided DOJ video surveillance, recording of threats and tortures and break ins as Plaintiff demand in written letter to

---

[2] The allegations are set forth verbatim. Due to the numerous spelling and grammar errors therein, the court has dispensed with the use of (sic).

2

1 Department of Justice which Plaintiff faxed. Plaintiff has supporting evidences filed in exhibits.

2 Plaintiff is a witness to this 'horrifying and torture' vivid nightmares tormented and was being

3 totally disoriented, life threating." *Id*. at 3.

4 Because the Court determines that Plaintiff's claims are not sufficient to invoke this

5 Court's jurisdiction, it does not address Defendant's remaining arguments.

**A. This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claims**

Federal courts do not have subject-matter jurisdiction over claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. Cty. of Oneida*, 414 U.S. 661, 666 (1974) (internal quotation marks omitted)); *Hagans*, 415 U.S. 528, at 536-37 (noting that federal courts lack subject matter jurisdiction over claims that are "essentially fictitious," "wholly insubstantial," "obviously frivolous," or "obviously without merit"); *Franklin,* 745 F.2d at 1227 n. 6.

Plaintiff claims, in part:

> Defendant Attorney General William P. Barr committed negligence to Plaintiff's complaint therefore Plaintiff suffered severed pain and suffering emotional distress. Plaintiff daughters were crying and tears dreed coming home.

Dkt. 37 at 5.

> Defendant had legal duty legal duty investigate with law enforcement of hate crimes, violent crimes, death threats, counter terrorism hostage taking etc., politic targeting. Anti-religion, Anti-governments, Anti-social groups inducing heart attack. These Defendant[s] are certified Government employees. Defendant[s] has power to control prosecuted unlawful stalkers, these Defendant has high technology to prevent crime. Defendant[s] has abuse the power to turn off electronic sound effects of voices of patronizing of false accusations, unlawful breaching medical records.

*Id*. at 6.

> Plaintiff and her family were harmed by Defendant negligent by tortures, exposure of contaminated, air quality. Plaintiff and her family were forced out exposure contaminated water, psychological mental abuse, disoriented in brain, cause memory loss, chronic illness, inducing medical disability to worsen, vivid real abusive nightmares. Defendant has failed to meet the standard of care, which is measure of the Defendant[s] legal obligation to Plaintiff. Plaintiff reliance on duty of the investigation Defendant failed their obligation committed breach, Their negligence cause through time pain and suffering and illness. Plaintiffs family were living in fears and relocating safer area. Plaintiff had life threaten abuse on her left leg, on

> vacation to California, cause paralysis and x rays and shots for pain killers.

*Id*. at 7.

> Defendant breach their duty of standard of care. Defendant's unreasonable conduct cause pain and suffering, induce nightmares, loss consortium, mental psychology abuse, physical and health illness, disorient mind, in Bakerfield, Ca on August 3,2019. Plaintiff got electronic harassment of her left leg, while sleeping. Plaintiff end up in Dignity Hospital for x rays, pain killers, concerns of paralysis.

*Id*. at 8. Plaintiff's allegations against Defendant are implausible and are the kind of claims that are subject to dismissal for lack of subject-matter jurisdiction. *See, e.g., Christiana v. United States*, No. SA CV 17–0089–DOC (JCGx), 2017 WL 6512220, at *2 (C.D. Cal. Mar. 29, 2017) (dismissing action where Court determined it lacked jurisdiction over claims that the United States was "electrically shocking parts of Plaintiff's body" and "burglarizing Plaintiff's home" as "inherently implausible and obviously without merit"); *Bivolarevic v. U.S. CIA*, Case No. 09-4620-SBA, 2010 WL 890147, at *1 (N.D. Cal. Mar. 8, 2010) (dismissing action where Court determined it lacked jurisdiction over claims that CIA subjected the plaintiff to "voice to skull technology" as a "mind control weapon"); *O'Brien v. United States Dep't of Justice*, 927 F. Supp. 382 (D. Ariz. 1995), aff'd, 76 F.3d 387 (9th Cir. 1996) (unpublished) (dismissing action for lack of jurisdiction because the allegations were "so bizarre and delusional that they [were] wholly insubstantial").

Plaintiff's implausible claims cannot confer subject-matter jurisdiction on this Court. Accordingly, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claims. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### B. Leave to Amend Would Be Futile

"Courts are free to grant a party leave to amend whenever justice so requires . . . and requests for leave should be granted with extreme liberality." *Moss v. United States Secret Serv*., 572 F.3d 962, 972 (9th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)) (citations and internal quotation marks omitted). However, "[a] district court acts within its discretion to deny leave to amend when amendment would be futile." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (citation omitted).

The Court granted Plaintiff leave to amend her complaint on January 6, 2020 (Dkt. 35) and Plaintiff filed her amended complaint on January 13, 2020 (Dkt. 37). The Court finds that allowing Plaintiff to amend her complaint a second time would be futile, as more detailed allegations regarding mind control and other alleged conduct would not remedy the inherent issues discussed in Section III.A. Accordingly, the Court finds that leave to amend would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** without leave to amend. The Clerk shall close the file.

**SO ORDERED.**

Dated: February 13, 2020

*[signature]*

SUSAN VAN KEULEN
United States Magistrate Judge